88 N.J. Super. 552 (1965)
213 A.2d 22
STERLING BURPEE, SR., PETITIONER-APPELLANT AND CROSS-RESPONDENT,
v.
PRINCETON MUNICIPAL IMPROVEMENT COMPANY, DEFENDANT-RESPONDENT AND CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 14, 1965.
Decided August 25, 1965.
*554 Before Judges GAULKIN, FOLEY and COLLESTER.
Mr. Leonard J. Felzenberg argued the cause for petitioner-appellant (Messrs. Roskein, Kronisch & Felzenberg, attorneys).
Mr. Samuel A. Bloom argued the cause for defendant-respondent.
The opinion of the court was delivered by GAULKIN, S.J.A.D.
Burpee was awarded workmen's compensation, but he appeals (1) the setting of the compensation rate at $26 per week, (2) the ruling that the statute does not permit the allowance of a fee to his attorney for the services rendered in the Division, and (3) the method fixed by the County Court by which Princeton Municipal Improvement Company, the employer, is to reimburse him for attorney's fees which he paid in obtaining a $15,000 recovery in a third-party action. The employer cross-appeals on the ground that petitioner failed to establish what part of his disability was due to the accident which happened at work on May 1, 1957, and what part was due to a subsequent non-work-connected automobile accident.

I.
Taking the cross-appeal first, we note that the Division and the County Court found all of the disability (100% of total) due to the May 1 industrial accident. We find sufficient credible evidence present in the record, considering the proofs as a whole, with due regard to the opportunity of the judge of compensation who heard the witnesses to judge of their credibility, to justify that finding and therefore we affirm it. Close v. Kordulak Bros., 44 N.J. 589 (1965).

II.
Burpee was employed as a waiter. From the employer he received $25 per week. However, he received tips from patrons *555 which he contends should have been added in determining his weekly wage.
N.J.S.A. 34:15-37 provides in part:
"Gratuities, received regularly * * * shall be included in determining the weekly wage only in those cases where the employer or employee has kept a regular daily or weekly record of the amount * * *. If no such record has been kept, then the average amount of the weekly gratuities shall be fixed as ten dollars per week." (Emphasis ours)
Burpee was a deacon and an elder in his church. He testified that he deemed it a religious obligation to give one-tenth of his earnings to the church, and that he had done so faithfully every Sunday. The head elder and chief auditor of the church produced the envelopes in which Burpee's donations had been made, on which there had been noted the amounts enclosed. Burpee testified he had no income other than his wages and tips. Therefore, he argues, it is a simple matter to compute his tips from the envelopes.
The judge of compensation and the County Court held that this was not a "regular * * * record of the amount" of the tips within the meaning of the statute. We agree.
The question is not whether Burpee told the truth, but what the statute requires. If all that the Legislature intended was proof, it did not need to speak of a record, much less a "regular * * * record." It could merely have said "proof," or "clear and convincing proof," or "proof beyond a reasonable doubt." It did not  it said a "record"; moreover, it said a "regular" record; therefore no other proof will suffice.
We hold the required "regular record" to be not any record but a record kept for the express purpose of recording tips  a record that can be exhibited to anyone who has a legitimate interest in checking and examining it, such as employers, insurance companies, tax collectors, etc. For example, a waiter might tell his wife in weekly letters how much his tips were the preceding week, or even send them to her. Even if she kept the letters and banked the money, we doubt *556 whether the letters or the bank book or both would be the "regular * * * record" of the amount of gratuities required by the statute. In any event, we think that the donation envelopes in this case are not. They were not a "record of the amount" but a record from which the amount might be calculated if his testimony was believed. In short, they required deciphering and explanatory oral testimony. We hold that is not what the statute contemplates.
If the tips are calculated at the statutory $10 per week, it is not disputed that the $26 per week compensation was the correct rate. For the foregoing reasons, this portion of the judgment is affirmed.

III.
After the compensation petition was filed but before it was heard Burpee sued the third party responsible for his injury and settled the case for $15,000. Upon receipt of this sum, he paid his attorney a fee of one-third or $5,000, plus costs of $200, and reimbursed the employer's compensation carrier $3,577.25 paid out by the carrier to that time, less $1,392.62 for the pro rata share of the counsel fees and the $200 costs of the third-party action, or $2,184.63.
The case then proceeded to final hearing in the Division, and resulted in an award of temporary and permanent disability and medical expenses in a sum which the judge of compensation calculated to total slightly less than $15,000. Burpee claims it totaled $15,091, but we think the precise figure is not important  our conclusion would be the same in either case.
The compensation case was hard-fought, but the judge of compensation stated that he had no power to award any counsel fee to Burpee's attorney "inasmuch as the third party recovery is greater than the compensation award."
N.J.S.A. 34:15-64 provides that the judge of compensation "may, in his discretion, allow to the party in whose favor judgment is entered * * * a reasonable attorney fee, not *557 exceeding twenty per centum (20%) of the judgment." The statute then says:
"When, however, at a reasonable time, prior to any hearing compensation has been offered and the amount then due has been tendered in good faith or paid, the reasonable allowance for attorney fee shall be based upon only that part of the judgment or award in excess of the amount of compensation, theretofore offered, tendered in good faith or paid * * *."
The judge of compensation apparently reasoned that, since Burpee had already recovered from the third party more than the amount due from the compensation carrier, there was no judgment in his favor, and without such a judgment there was no statutory authority to allow a fee. Furthermore, an amount greater than the sum due to Burpee under the Compensation Act had already been paid to him before the hearing, and, even though it was paid by the third-party tortfeasor, the statute forbade any fee after such payment. The County Court affirmed the denial of the fee, but gave a slightly different reason. It said it did so because "there will be no actual recovery to the petitioner from the Division of Workmen's Compensation until said liability exceeds $15,000."
We hold that the judge of compensation did have the right to allow a fee in this case. Here there was a judgment in favor of Burpee. The mere fact that the employer was entitled to a credit against that judgment related only to the satisfaction of the judgment and did not affect the propriety and indeed the necessity of entering it. Thus its entry gave the judge of compensation the right to allow a fee.
It was necessary to proceed with the compensation hearing and the entry of judgment for several reasons. Burpee claimed he was totally and permanently disabled as a result of his industrial accident; the employer denied it. The rate of compensation was in dispute. But even if it were then anticipated that the $15,000 would cover the 450 weeks then allowable for permanent disability, plus temporary disability and medical expenses, there was the possibility that Burpee *558 might have to ask for further benefits after the 450 weeks, in which case the judgment on his petition would be an indispensable condition precedent.
Furthermore, since the rate of compensation was in dispute, what was said in Caputo v. Best Foods, Inc., 17 N.J. 259 (1955), is especially in point:
"But in these circumstances there was jurisdiction to determine the quantum of the employer's liability under the Compensation Act, a prerequisite to the assessment of his interest and the employee's in the third-party recovery; and it would seem to be indisputable that this issue as to the relative rights of the parties in matters of substance is not within the policy of the cited statutory provision against the allowance of attorney's fees where there is no genuine controversy * * *." (at p. 270)
We do not mean to hold that there may not be cases in which, after a third-party recovery, there is so little justification for prosecuting the compensation claim that no fee should be allowed. We merely hold that this is not such a case.
The case will be remanded to the judge of compensation to decide whether a fee should be granted and, if so, how much. Of course, the attorney is not to be paid again for that which he did or was obliged to do in the third-party action, for which he was paid $5,000.

IV.
The County Court held that the balance ($3,607.38) of the $5,200 attorney's fees and costs not previously refunded by the employer to Burpee should be refunded to him by the employer's giving Burpee a payment equal to one-third of that portion of the benefits of the $15,000 recovery which accrued to the carrier during the compensation litigation, and thereafter as they accrue  in other words, at the rate of one-third of $26, or $8.66 2/3, per week.
Burpee contends he should receive reimbursement at the rate of $26 per week until all of the $3,607.38 is refunded to *559 him. We disagree, and affirm the County Court's ruling upon this question. The employer's obligation is to pay compensation at the rate of $26 per week. It is not required to commute or accelerate payments. Under certain circumstances, such as if Burpee should die without dependents within the 450 weeks, the employer's obligation to pay compensation may cease. In short, the employer benefits from the third-party recovery only at the rate of $26 per week. It follows that it is obliged to pay its pro rata share of the fee only on what it receives, and only as it receives it.
The judgment appealed from is affirmed in all respects except as to the attorney's fees, discussed under III. As to those, the case is remanded to the judge of compensation for further proceedings not inconsistent with this opinion. We do not retain jurisdiction.