102 N.J. Super. 179 (1968)
245 A.2d 536
ANNA RAVES, PETITIONER-APPELLANT,
v.
COUNTY OF MIDDLESEX-ROOSEVELT HOSPITAL, RESPONDENT-APPELLEE.
Superior Court of New Jersey, Middlesex County Court, Law Division.
Decided July 12, 1968.
*180 Mr. Louis V. Jacobson for petitioner (Messrs. Jacobson and Silverman, attorneys).
Mr. John S. Donington for respondent (Messrs. Schneider and Morgan, attorneys).
DEMOS, J.S.C. (temporarily assigned).
In this workmen's compensation appeal, the petitioner Anna Raves on August 23, 1964, suffered injuries by accident arising out of and in the course of her employment for the County of Middlesex, Roosevelt Hospital. The injury was caused by the negligence of a third party. The negligence claim, handled by an attorney other than petitioner's present counsel was concluded by way of settlement for the sum of $4,000, before the employee's claim for compensation benefits was heard in the Division of Workmen's Compensation. It was not until just short of two years after the occurrence of the accident that petitioner's attorneys, in the compensation claim, were consulted for the first time. A claim petition was filed on July 18, 1966, being prior to the settlement of the third-party negligence claim.
In answer to the filed claim petition, the respondent admitted the employment and notice of the accident. While *181 R.S. 34:15-15 requires the employer to "furnish to the injured workman such medical, surgical and other treatment, and hospital services, as shall be necessary to cure and relieve the workman of the effects of the injury ...", the petitioner's hospital bill at the Perth Amboy General Hospital, where she was removed immediately following the accident, was not paid for by the employer nor did the employer furnish or pay for the medical treatment that she required. The judge of compensation properly included these items as part of the ultimate judgment in favor of the petitioner. In addition petitioner was awarded permanent disability of ten per cent of partial total. Five per cent partial total each for orthopedic and neuropsychiatric conditions. The total workmen's compensation liability of the employer for medical and hospital bills, temporary disability and permanent partial disability, amounted to $3,335.57, slightly less than the gross third-party recovery. However, after giving the employer credit for the sums to which it was entitled under N.J.S.A. 34:15-40, the employer was required to pay the petitioner the sum of $1,074.43.
The judge of compensation allowed a counsel fee to petitioner's attorney of $210.00 based only on the last stated amount and not on the full compensation award of $3,335.57.
Petitioner does not appeal from the compensation award entered by the judge of compensation. This limited appeal is from that portion of the judgment of the judge of compensation wherein he allowed a counsel fee on the net sum recovered by the petitioner, rather than on the full compensation liability. Appellant contends that the counsel fee should have been based on the entire compensation award, before any credits were given to the respondent, resulting from the third-party-settlement.
The judge of compensation in granting the allowance of a counsel fee to petitioner's attorney indicated that it was his understanding of the existing law to be that he was restricted in the making of such allowance to such net amount recovered by the petitioner. He further indicated that he *182 would have granted a larger counsel fee if he were permitted to consider the full compensation award before credits given to the respondent. Counsel for the respective parties indicate that the judges of compensation are divided in their opinions as to the method to be used in granting counsel fee allowances in cases where a third-party claim has been concluded prior to the entry of judgment in the workmen's compensation case.
N.J.S.A. 34:15-64 in part provides:
"The official conducting any hearing under this chapter may, in his discretion, allow to the party in whose favor judgment is entered, * * * a reasonable attorney fee, not exceeding twenty per centum (20%) of the judgment * * *." (emphasis supplied)
This section further provides:
"When, however, at a reasonable time, prior to any hearing compensation has been offered and the amount then due has been tendered in good faith or paid, the reasonable allowance for attorney fee shall be based upon only that part of the judgment or award in excess of the amount of compensation, theretofore offered, tendered in good faith or paid."
N.J.S.A. 34:15-40 in paraphrase, provides that where a third-party is liable to the employee for an injury, the existence of a right to compensation from the employer shall not operate as a bar to the action of the employee against the third-party. In the event an employee recovers from the third person, the employer becomes entitled to certain credits in the workmen's compensation judgment.
It is to be noted that N.J.S.A. 34:15-64 makes no reference to N.J.S.A. 34:15-40 nor to the credits to which an employer is entitled in the event of a third-party recovery. N.J.S.A. 34:15-64 speaks only of a reasonable counsel fee allowance not exceeding twenty per cent of the judgment and the effect upon the counsel fee of a tendered or paid good faith offer made by the employer. As the employer herein does not contend that the third-party recovery constitutes an offer made in good faith by it, there can be no claim for a credit against the counsel fee allowance, on this basis.
*183 Research reveals only two reported cases relevant to the question involved. In Caputo v. Best Foods, Inc., 17 N.J. 259 (1954), as a consequence of a compensable injury, the employee was blinded. Liability was acknowledged. The respondent paid the medical expenses and commenced payment of compensation on the basis of total disability. It had paid $3,000 on account of its obligation when the third-party claim was settled for $60,000.
Notwithstanding respondent's assumption of its statutory obligation, petitioner seeking the protection of a workmen's compensation judgment, filed a claim petition. An award was entered for temporary disability as paid and for 100% of total disability, which at petitioner's rate amounted to $11,250. A counsel fee to petitioner's attorney was refused by the judge of compensation as not permissible under N.J.S.A. 34:15-64 in view of respondent's offer and tender to pay compensation for total disability with which there had been full compliance until the settlement of the third-party claim in excess of the compensation value of the case.
The County Court affirmed the judge of compensation. On appeal to the Appellate Division, both lower tribunals were reversed on the question of the allowance of a counsel fee and petitioner's counsel was granted leave to apply for a fee for services performed at all three levels of the proceedings. The Supreme Court in affirming the Appellate Division stated:
"Were there no third-party recovery, the primary obligation of compensation for the attendant disability would remain the employer's; and it would be manifestly inequitable and unjust to lay upon the injured employee the cost of a recovery that under the statute inured to the employer, not alone the reimbursement of payments actually made but also the extinguishment of the whole of the continuing liability. There can be no doubt such is the principle of the statutory policy." (at p. 264)
Further:
"And we concur in the conclusion of the Appellate Division that in these circumstances the allowance of an attorney's fee is within the discretionary grant of R.S. 34:15-64." (at p. 269)
*184 Later the Court noted:
"But in these circumstances there was jurisdiction to determine the quantum of the employer's liability under the Compensation Act, a prerequisite to the assessment of his interest and the employee's in the the third-party recovery; and it would seem to be indisputable that this issue as to the relative rights of the parties in matters of substance is not within the policy of the cited statutory provision against the allowance of attorney's fees where there is no genuine controversy." (at p. 270)
In Burpee v. Princeton Municipal Improvement Co., 88 N.J. Super. 552 (App. Div. 1965) before the compensation hearing was held the third-party case was settled for $15,000. The ultimate compensation award was for slightly less than $15,000. The judge of compensation ruled that he had no power to award a counsel fee to petitioner's attorney because the third-party recovery was greater than the compensation award. The County Court affirmed relying on N.J.S.A. 34:15-64.
The Appellate Division reversed the lower tribunals, stating:
"We hold that the judge of compensation did have the right to allow a fee in this case. Here there was a judgment in favor of Burpee. The mere fact that the employer was entitled to a credit against that judgment related only to the satisfaction of the judgment and did not affect the propriety and indeed the necessity of entering it. Thus its entry gave the judge of compensation the right to allow a fee." (at p. 557).
As the court pointed out in the Burpee case, it is vital that an employee proceed with his compensation hearing to fix the liability of the employer. It is foreseeable that the employee's disability may increase, in which case the compensation judgment would be an indispensable condition precedent to any further compensation benefits.
In the instant case, if there had been no third-party recovery a fee would be allowed counsel on the award of ten per cent of the partial total together with the unpaid *185 medical and hospital charges. A lawyer who is diligent in the prosecution of a third-party claim should not be penalized because the third-party claim is settled and his client receives the proceeds before the compensation claim is heard. It is an attorney's obligation to proceed with the compensation case not only to fix the employer's liability but also to establish the nature and extent of the injured workmen's disability. As indicated, this determination is essential in the event the employee should seek future benefits because of the worsening of his condition, the need for additional medical care or his eligibility for benefits under the "Second Injury Fund" (N.J.S.A. 34:15-94-95.3). In the absence of a compensation judgment fixing the employee's disability, some if not all of these future protections may be lost to him. In fairness, the attorney's services rendered in the compensation case should be reasonably compensated.
N.J.S.A. 34:15-64 permits the hearing official, in his discretion, to grant a reasonable counsel fee, not exceeding twenty per cent of the judgment. The use of the term judgment embodies the full amount of the award, in this instance the sum of $3,335.57. The statute does not intend that only that part of the award remaining after the employer receives his proper credit for the third-party recovery should be considered in assessing counsel fees. The Legislature in qualifying the nature and extent of the counsel fee excluded that portion of the award resulting from a tender or payment made in good faith by the employer within a reasonable time prior to a hearing. The meaning of what the Legislature said is clear. The Legislature did not include third-party recoveries as an element to be considered in the reduction of the amount of counsel fee to be allowed. In cases of this type the judge of compensation in awarding counsel fees should consider the full award rendered the successful petitioner without regard to the third-party recovery or the credits which flow therefrom to the employer.
Of necessity, a word of caution is needed relative to the amount of counsel fee allowable. N.J.S.A. 34:15-64 places *186 the discretion in the judge of compensation to award reasonable counsel fees up to twenty per cent of the judgment. This opinion does not purport to instruct the judge of compensation that a counsel fee of twenty per cent of the full judgment should be allowed in any case.
The determination of the amount of counsel fee to be allowed is within his discretion after giving due consideration to the services rendered by the attorney, the benefits received by the petitioner and the other criteria needed for the fixing of a reasonable attorney fee.
In view of the fact that the judge of compensation indicated that he may have granted a greater counsel fee, if he was permitted to consider the full award instead of the net amount after credit for the third-party recovery was taken, the matter of counsel fee is remanded to the Division of Workmen's Compensation for reconsideration within the discretion granted by statute. Counsel for the petitioner may therefore apply to the judge of compensation for a hearing relative to a reasonable counsel fee in conformance with this opinion.