104 N.J. Super. 447 (1969)
250 A.2d 414
HOWARD DETLEFS, PETITIONER-RESPONDENT - CROSS-APPELLANT,
v.
TOWN OF WESTFIELD, A MUNICIPAL CORPORATION, RESPONDENT-APPELLANT - CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 27, 1969.
Decided February 18, 1969.
*449 Before Judges GAULKIN, COLLESTER and LABRECQUE.
Mr. Eugene W. Cullen argued the cause for respondent-appellant (Messrs. Sanderson & Cullen, attorneys).
Mr. Robert B. Berenson argued the cause for petitioner-respondent (Messrs. Berenson and Kessler, attorneys).
The opinion of the court was delivered by GAULKIN, S.J.A.D.
Detlefs, a Westfield fireman, was injured while examining his daughter's car at the firehouse in preparation for repairing a malfunction therein. He suffered the loss of an eye, facial scarring and injuries to his head, neck, back and left shoulder. Because of those injuries, he retired on a disability pension pursuant to N.J.S.A. 43:16-2. *450 Nevertheless, predicated upon N.J.S.A. 34:15-43, he demanded that Westfield pay the medical, surgical and hospital expenses he had incurred. Westfield's insurance carrier (the real party in interest in this appeal, as we shall see) refused to pay these expenses on the ground that the injuries were not compensable because not work-connected. Thereupon Detlefs filed his petition herein. The Division adjudged that the injury was work-connected and that the carrier was liable for past and future medical expenses. In addition, the Division adjudged that, had Detlefs not been pensioned, "the total award in this case would be over $17,600" based on "225 weeks for the loss of the eye and the enucleation, and 165 weeks for 30 per cent of partial total [for his other injuries] or a total of 390 weeks of permanent compensation," plus "medical reimbursements and payments * * * over $2,000." "Therefore," said the judge of compensation, "approximately 20 per cent of that amount is $3,500, and I will assess against the respondent that amount for petitioner's counsel fee * * *," even though, because of the pension, the carrier was obliged to pay only the approximately $2,000 of medical expenses. The County Court affirmed, and awarded an additional $2,000 counsel fee, again all payable by the carrier.
The carrier appeals on the grounds that (a) Detlefs had no right to file a petition in the Division, even for the medical expenses, because he was receiving the disability pension, and therefore the judgment is void; (b) even if he had the right to file the petition, there should have been no award because the injuries were not work-connected; and (c) even if it be determined that the injuries were work-connected, the counsel fees should have been calculated only upon the approximately $2,000 of medical reimbursement and not upon said $17,600.

I
We agree with the County Court that the injuries were work-connected. There was testimony which the triers of the *451 facts were entitled to accept that the firemen were permitted to work on their cars to while away the time while on duty, and that what Detlefs was doing when he was injured was within the scope of that permission. Cf. Yurochko v. Beckley Perforating Co., 61 N.J. Super. 1 (App. Div. 1960); Tocci v. Tessler & Weiss, Inc., 28 N.J. 582 (1959); Complitano v. Steel & Alloy Tank Co., 34 N.J. 300 (1961).

II
We hold that it was proper for Detlefs to file the petition for compensation.
The carrier's argument may be summarized as follows: N.J.S.A. 34:15-43 bars Detlefs from all workmen's compensation benefits, citing Reinhold v. Town of Irvington, 134 N.J.L. 416 (Sup. Ct. 1946). It is true that N.J.S.A. 34:15-43 was amended after the Reinhold case (L. 1948 c. 269) to provide "that such employee, despite retirement, shall, nevertheless, be entitled to the medical, surgical and other treatment and hospital services as set forth in section 34:15-15 of the Revised Statutes." But, says the carrier, the statute places the duty to provide such medical treatment upon the municipality or upon the Division of Pensions, not as a workmen's compensation benefit but as part of the pension laws. Therefore, argues the carrier, the enforcement of that right to treatment is not within the jurisdiction of the Division and is not covered by its policy.
The County Court called this argument "a strange one" and disposed of it in the following language:
"* * * It is true that the liability for medical benefits is upon the Town of Westfield, the employer (N.J.S. 34:15-15); but the Town has purchased insurance from the carrier to cover that liability. The provision for medical benefits for public employees who have retired on a disability pension was first added to the statute by an amendment of 1948. L. 1948, c. 269. The amendment was accompanied by the following explanatory statement:
`Because of the recent decisions of our courts in the cases of DeLorenzo v. Newark, 134 N.J.L. 7 and Reinhold v. Irvington, 134 N.J.L. 416 a public employee permanently disabled in the *452 actual performance of his duty who is retired upon application for pension, cannot recover medical, surgical and other expenses under the Workmen's Compensation Act, which expenses were incurred in the treatment and alleviation of his condition.'
This statement makes it clear, if there could have been any reasonable doubt on the point, that the Legislature intended to provide for medical payments under the Workmen's Compensation Act and not from the pension plan or some other source. Saly v. Town of Kearny, 85 N.J. Super. 586 (Hudson Cty. Ct. 1964), affirmed 90 N.J. Super. 144 (App. Div. 1966)."
We agree. Further, we note in passing that if the carrier gave no notice to Westfield, either below or here, (which appears to be the fact) that it sought to avoid the liability by shifting it to Westfield, that is in the highest degree improper. Cf. State Farm Mutual Auto Ins. Co. v. Walker, 7 Cir., 382 F.2d 548, 552 (1967), certiorari denied 389 U.S. 1045, 88 S.Ct. 789, 19 L.Ed.2d 837 (1968); Kaudern v. Allstate Insurance Company, 277 F. Supp. 83, 91 (D.N.J. 1967). See "Code of Professional Responsibility," of the American Bar Association Special Committee on Evaluation of Ethical Standards, preliminary draft January 15, 1969, pp. 63-64, 73. However, since we reject the carrier's argument, no harm has been done.
In short, we hold that the medical and other treatment provided for by N.J.S.A. 34:15-43 (and, by reference, N.J.S.A. 34:15-15) are workmen's compensation benefits, recoverable by petition filed in the Division. Cf. Sa v. H.L. Harrison & Son, Inc., 38 N.J. 203, 207 (1962).

III
This brings us to the question of the quantum of the fee which the Division may award in such a case.
In Burpee v. Princeton Municipal Improvement Company, 88 N.J. Super. 552 (App. Div. 1965), after the employee filed a workmen's compensation petition, but before it was heard, the employee settled his claim against the third party responsible for his injury for $15,000. After final hearing, the Division made an award which totalled less than $15,000. *453 The judge of compensation ruled that he had no power to award a counsel fee to the employee's attorney because the carrier owed nothing, since the third-party recovery was greater than the compensation award. The County Court affirmed but we reversed, saying:
"* * * Here there was a judgment in favor of Burpee. The mere fact that the employer was entitled to a credit against that judgment related only to the satisfaction of the judgment and did not affect the propriety and indeed the necessity of entering it. Thus its entry gave the judge of compensation the right to allow a fee.
It was necessary to proceed with the compensation hearing and the entry of judgment for several reasons. Burpee claimed he was totally and permanently disabled as a result of his industrial accident; the employer denied it. The rate of compensation was in dispute. But even it if were then anticipated that the $15,000 would cover the 450 weeks then allowable for permanent disability, plus temporary disability and medical expenses, there was the possibility that Burpee might have to ask for further benefits after the 450 weeks, in which case the judgment on his petition would be an indispensable condition precedent." (at pp. 557-558)
The carrier here seeks to distinguish Burpee principally on the ground that in that case we held that "there was a judgment in favor of Burpee. The mere fact that the employer was entitled to a credit against that judgment related only to the satisfaction of the judgment * * *. Thus its entry gave the judge of compensation the right to allow a fee * * *." Here, says the carrier, there was not a satisfaction of a proper judgment but rather no right to any money judgment whatever in any sum beyond the medical reimbursement, and therefore no fee beyond 20% of $2,000 was permitted by N.J.S.A. 34:15-64.
It is true that there is that distinction between this case and Burpee. It is true also that in Burpee the petition was filed before the $15,000 settlement. Nevertheless, we hold that the rationale of Burpee should be applied here.
As we have said, it was necessary for Detlefs to file the petition to establish the right to medical reimbursement which the carrier had denied, and he had to file it within the time fixed by the workmen's compensation act. N.J. *454 S.A. 34:15-51; Sa v. H.L. Harrison & Son, Inc., supra. In order to prove that right he had to prove that his injury was work-connected, which the carrier had also denied. And (since the carrier did not admit it) it was also proper to prove his injuries and the resulting number of weeks for which he would have been entitled to workmen's compensation had he not been retired. This, as in Burpee, fixed the period during which Detlefs would be entitled to the medical and other treatment provided for in N.J.S.A. 34:15-43. Sa v. H.L. Harrison & Son, Inc., supra.
N.J.S.A. 43:16-2 provides that a fireman retired for disability may be required before age 51, or elect at any time, to go back to duty if he is found fit to do work available for him in the fire department. In such cases, proof of the number of weeks of compensation is important because upon his return to work the pension ceases and the fireman is entitled to the weeks of compensation remaining, if any.
Detlefs is over 51 and there is no suggestion that he intends to return to work, and we do not mean to suggest that he filed this petition with the possibility of returning to work in mind. Nor do we mean to suggest that every employee retired for work-connected disability should file a petition for workmen's compensation. And we certainly do not mean to say that a fee should be allowed in every case in which such a pensioner files a petition for workmen's compensation. As we said in Burpee (at p. 558): "We do not mean to hold that there may not be cases in which * * * there is so little justification for prosecuting the compensation claim that no fee should be allowed."
What we do say is that the limit the Division may allow as a counsel fee under N.J.S.A. 34:15-64 is 20% of the amount the judgment would have been had there been no pension involved. However, in deciding how much of that 20% to allow, the Division should assay the need for the petition, what was really in issue, what the carrier really contested, and base the fee upon what the attorney really had to prove. Caputo v. Best Foods, Inc., 30 N.J. Super. *455 552, 559 (App. Div. 1954), modified 17 N.J. 259, 269 (1955). Judged by these standards we find the fee of $3,500 in the Division very generous and the fee of $2,000 in the County Court even more so, especially since both are charged against the carrier alone. However, we cannot say that they were so high as to constitute an "abuse of discretion" which should be corrected by us.
In the County Court petitioner asked for interest on the judgment of the Division, which petitioner had docketed. The County Court correctly refused to allow interest. Cohrs v. Igoe Bros., Inc., 71 N.J. Super. 435 (App. Div. 1962).
The judgment is affirmed. No costs.