122 N.J. Super. 382 (1973)
300 A.2d 581
JIMMIE FLETCHER, GUARDIAN AD LITEM FOR HERBERT FLETCHER, PETITIONER-RESPONDENT,
v.
RUDOLPH EHRLICH, t/a BOND PARADE FLOATS, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 8, 1973.
Decided February 20, 1973.
*384 Before Judges COLLESTER, LEONARD and HALPERN.
Mr. Vincent E. Hull argued the cause for appellant (Messrs. Hull and Hull, attorneys).
Mr. Daniel Crystal argued the cause for respondent (Messrs. Cohn & Lifland, attorneys).
PER CURIAM.
In this workmen's compensation case involving injuries to the infant petitioner, respondent employer individually, as distinguished from his insurance carrier, appeals from that portion of a judgment entered in the Division which found that petitioner's wages were $70 a week and which awarded petitioner, pursuant to N.J.S.A. 34:15-10, double compensation. He also appeals from the denial of his motion to join petitioner's father as a third-party defendant.
He first contends, as he did below, that misrepresentation as to petitioner's age and qualification for employment is a bar to an award of double compensation under N.J.S.A. 34:15-10. It is not disputed that petitioner was only 15 years old at the time of his injury and did not have an employment certificate as prescribed by the statute. The Division found that respondent's contention that there was a fraudulent representation by the father as to the minor's age was without foundation. This finding is reasonably supported by the credible evidence in the record. In any event, a fraudulent misrepresentation of the employee's age does *385 not bar application of the pertinent statute, whether the minor himself makes the representation, Chickachop v. Manpower, Inc., 84 N.J. Super. 129, 140 (Law Div. 1964), or whether made by anyone else, Sackolwitz v. Charles Hamburg & Co., 295 N.Y. 264, 67 N.E.2d 152 (Ct. App. 1946); Larsen, Workmen's Compensation, § 47.52(a) (1967). Thus, this contention lacks merit. We doubt that the Division had authority to join petitioner's father as a party to the proceedings. In any event, under the existing circumstances the court properly denied respondent's motion to so join him.
Respondent next asserts that the awards of permanent and temporary disability are excessive in that they were incorrectly based upon the determination that petitioner earned $70 a week at the time of his injury. He concedes the record is "insufficient" to support this assertion but claims that insufficient facts were presented to support the court's finding and requests a remand for the purpose of taking additional testimony. Respondent's position is untenable. His insurance carrier in its answer to petitioner's claim admitted that petitioner's wages were $70 a week. His personal trial counsel, who appears for him in this appeal, secured a copy of that answer before the hearings below. Following the denial of his motion, counsel at the hearing advised the trial judge that he was contemplating an appeal from that denial but that he would otherwise not participate in the trial. He stipulated petitioner's employment, the accident, and that it arose out of and in the course of employment. He further advised the court that he had nothing further to say. His request to be excused was granted and he departed. He did not challenge the $70 a week salary figure. Thereafter, counsel for the insurance carrier stipulated, among other things, that petitioner's salary at the time of the accident was in that amount. Thus, respondent cannot now raise this point.
Respondent finally argues that in no event under N.J.S.A. 34:15-10 should there be a double assessment of *386 counsel fees, medical witness fees and stenographic fees, one-half thereof to be paid by him personally. The trial judge, pursuant to the above statute, correctly allowed double compensation and directed that the extra compensation be paid by respondent personally. However, that statute only authorizes compensation in "double the amount payable under the schedules provided in sections 34:15-12 and 34:15-13 * * *." It does not authorize double counsel fees, medical witness fees or stenographic fees. Therefore, the trial judge was in error in automatically doubling the above fees and assessing half thereof against respondent personally.
Nevertheless, N.J.S.A. 34:15-64 permitted the trial judge, in his discretion, to allow the prevailing party a reasonable attorney's fee, not exceeding 20% of the "judgment." The use of the term "judgment" embodies the full amount of the award. See Raves v. County of Middlesex-Roosevelt Hospital, 102 N.J. Super. 179, 185 (Law Div. 1968). Here, total fee allowed to petitioner's attorney was within the statutory permissible percentage.
Respondent's challenge of petitioner's right to double indemnity increased counsel's burden in proving his case. Under the totality of the circumstances, we find that the award of an extra $400 counsel fee, to be paid by respondent individually, was not a mistaken exercise of discretion on the part of the trial judge. See Detlefs v. Westfield, 104 N.J. Super. 447, 454-455 (App. Div. 1969). However, for the reasons heretofore stated, that portion of the judgment allowing double medical witness fees and stenographic fees and directing respondent to pay one-half thereof was improvidently entered and is accordingly set aside. However, the single allowance of these items shall be paid as ordered in the original judgment.
Affirmed as modified.