665 A.2d 1148

SHARON A. MASTERSON, PETITIONER–APPELLANT, v.
BOARD OF REVIEW, RESPONDENT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted October 11, 1995—Decided October 24, 1995.

Before Judges DREIER, KESTIN and CUFF.

Sharon A. Masterson, appellant *pro se*, submitted a brief.

Deborah T. Poritz, Attorney General, attorney for respondent (Mary C. Jacobson, Assistant Attorney General, of counsel; Andrea R. Grundfest, Deputy Attorney General, on the letter brief).

No brief was filed on behalf of any other party.

The opinion of the court was delivered by

KESTIN, J.A.D.

Petitioner appeals from the decision of the Board of Review which affirmed a decision of the Appeal Tribunal establishing the

level of petitioner's entitlement to unemployment benefits. We affirm.

Petitioner was a waitress whose income was comprised of an hourly wage paid by her employer and gratuities paid by her customers. The employer paid unemployment compensation taxes on the hourly wage but, because petitioner failed to report the amount of her gratuities to the employer in accordance with *N.J.S.A.* 43:21-19(*o* ), no unemployment compensation taxes were paid on those earnings. Effectively, without the required report from petitioner as to gratuities, the employer had no opportunity to discharge its obligation to remit unemployment tax payments respecting that portion of petitioner's income. *N.J.S.A.* 43:21-19(*o* ) clearly provides that if gratuities are not reported, they are not to be included as "wages" for the purposes of calculating unemployment compensation benefits.

 It is notable that at one time, before the enactment of this provision, gratuities could not be considered as wages for unemployment compensation purposes at all. *Alexander Hamilton Hotel Corp. v. Board of Review,* 127 *N.J.L.* 184, 21 *A.*2d 739 (Sup.Ct.1941). With the enactment of *N.J.S.A.* 43:21-19(*o* ), gratuities became includable as wages, but only when reported to the employer. *N.J.S.A.* 34:15-37, a provision of the Worker's Compensation Law, has an analogous treatment of gratuities in determining wages, but expressly permits a regular record of gratuities to be kept by either the employer or the employee. *Burpee v. Princeton Municipal Improvement Co.,* 88 *N.J.Super.* 552, 554–56, 213 *A.*2d 22 (App.Div.1965); *Cf. Smith v. Allstate Ins. Co.,* 203 *N.J.Super.* 610, 613–14, 497 *A.*2d 602 (Law Div.1985).

 In the current Unemployment Compensation Law, *N.J.S.A.* 43:21-1 to 56, the level of unemployment compensation benefits is based upon the amount of an employee's wages. *N.J.S.A.* 43:21-3. The amount of wages also determines how much the employer and employee are obliged to contribute to the fund out of which benefits are paid. *N.J.S.A.* 43:21-7(b). Where a typical employer fails to remit its contribution or the employee's

contribution to the fund, sanctions are imposed in addition to the amount due. *N.J.S.A.* 43:21-14. The fund is thus assured of the wherewithal to pay full benefits to eligible employees.

*N.J.S.A.* 43:21-19(*o*) deals with an atypical but not uncommon situation, such as that of petitioner, one in which the employer cannot know the full extent of the employee's earnings unless the employee reports gratuities. If the employee makes the contemplated report to the employer, the obligation to remit payment of unemployment compensation taxes falls upon the employer, and the employee is protected in her claim for full benefits. Where, however, the whole amount has not been remitted because the employer is unaware of the extent of the employee's earnings by reason of the employee's omission to report gratuities, the benefit level can only be based on whatever unemployment compensation taxes were actually paid, *i.e.*, those based upon earnings known to the employer.

[8, 9] In all circumstances, the amount that the employer remitted or should have remitted to the fund determines the level of benefits. In the circumstances before us, the underpayment to the fund was in no way attributable to the employer, but rather was occasioned solely by the employee's (petitioner's) failure to report, as required by *N.J.S.A.* 43:21-19(*o*), the income she earned over and above her hourly wage. The decision of the Board of Review that petitioner was entitled to limited benefits was reasonable and logical. It was a straightforward application of the statute.

Petitioner asserts that she reported her total earnings for state and federal income tax purposes and paid social security and Medicare taxes on the full amount. Her argument that these payments ought to be regarded as satisfying the reporting requirements of *N.J.S.A.* 43:21-19(*o*) is inapposite. Petitioner did not make the report expressly required by the statute, *i.e.*, to the employer; and the payment of her income, social security and Medicare taxes were in discharge of other legal obligations, wholly

different from her responsibilities concerning unemployment compensation.

Affirmed.