730 A.2d 402

JOHN MASKELL, PETITIONER–APPELLANT, v. MID–STATE FILIGREE SYSTEM, RESPONDENT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued December 1, 1998—Decided June 11, 1999.

Before Judges LONG, KESTIN and WEFING.

*Pamela J. Johnson* argued the cause for appellant (*Drazin and Warshaw*, attorneys; *Ms. Johnson*, on the brief).

*Francis T. Giuliano* argued the cause for respondent (*Mr. Giuliano*, on the brief).

The opinion of the court was delivered by

KESTIN, J.A.D.

In this workers' compensation matter, petitioner appeals from an allowance of counsel fees on the ground that the fees were inadequate because erroneously predicated. The fee allowance, $600 on a net award of $3,090, was apportioned forty percent to petitioner and sixty percent to respondent. Petitioner's attorneys have represented that, should the allowance be increased, they will waive the portion attributable to petitioner. Thus, any conflict of interests has been eliminated.

Petitioner was injured in a work-connected accident. The employer's workers' compensation insurance carrier paid $6,631.52 in temporary disability benefits to petitioner and $11,889.16 for medical treatment and hospitalization, a total of $18,520.68, constituting its lien at the time pursuant to *N.J.S.A.* 34:15–40.

A claim against a third-party tortfeasor pursued in the Law Division resulted in a settlement of $20,000. The carrier's then-existing lien on the third-party recovery was compromised at $6,666.66, with an agreement that the carrier would also have a credit up to an amount equalling petitioner's actual share of the settlement, $6,666.66, against any award of permanent partial disability benefits petitioner might receive in the still-pending workers' compensation action. Petitioner's attorneys were paid a like sum, their one-third contingency fee on the settlement proceeds. With deductions representing the compromised lien, the attorneys' fees, and those attributable to costs, petitioner received the net sum of $6,392.01 from the settlement. Subsequently, a fifteen percent permanent partial disability award was made after a trial in the Workers' Compensation Division, amounting to a total of $9,270. This was reduced by $6,180, the net credit due the carrier, resulting in a payment to petitioner from the carrier of $3,090.

The workers' compensation judge awarded an attorneys' fee based on the maximum percentage allowable under *N.J.S.A.* 34:15–64, twenty percent, but predicated on the ultimate workers'

compensation payment of $3,090. Rounded down, the attorneys' fee award came to $600. Petitioner, in a motion for reconsideration of the fee award, contended that the fee allowance should have been based on the full workers' compensation award of $9,270.

In denying the motion, Judge Hooley articulated his reasons for decision in a comprehensive and well-reasoned letter opinion which, in pertinent part, declared:

... I .. calculated the fee due petitioner's counsel on the [net award] rather than on the sum of $9,270, since the same firm had represented petitioner in both his third party action and in his workers compensation proceeding.

* * * ... I did not find the rationale or factual background of either [*Raves v. County of Middlesex–Roosevelt Hospital*, 102 *N.J.Super.* 179, 245 A.2d 536 (Cty.Ct. 1968), or *Detlefs v. Town of Westfield*, 104 *N.J.Super.* 447, 250 A.2d 414 (App.Div. 1969),] to be controlling as to the situation presented in the instant case, *i.e.* the determination of a counsel fee due petitioner's counsel in a compensation case where such counsel represented the same petitioner/plaintiff in a related civil suit which has been resolved prior to the entry of judgment or settlement in the compensation proceeding.

I note on this point that counsel which represented the petitioner in the *Raves* compensation case *did not* represent such claimant in the related civil suit. [*Raves, supra,* 102 *N.J.Super.* at 180, 245 A.2d 536.] I do not disagree with *Raves.* I do note however that counsel in such worker's compensation proceeding enjoyed no reduction of work effort since he did *not* represent the petitioner in the related third party action.

In reviewing the *Detlefs* decision I note that while the Appellate Division approved a counsel fee on what I would characterize as an "efforts made" basis and without regard to the actual benefit received by the injured party as a result of such efforts, there was no suggestion that petitioner's counsel had received any additional fee related to the injuries suffered by the petitioner. In short, the facts of the *Detlefs* and *Raves* cases, insofar as they are pertinent to the issue before me, may be considered as similar. Further, I do not find my decision on the computation of fees in the instant case to be contradictory to either of the above-cited cases.

Let us now consider the factual background of the instant case. Here, petitioner's counsel represented [the] client in a successfully concluded civil action which was based upon or resulted from the very accident or incident which precipitated the compensation claim. The only different parties in such related proceedings were the respondents, *i.e.* the employer in the compensation case and a manufacturer, supplier or other third party in the related civil case. Petitioner and his counsel were the same in both suits/claims. As a result, petitioner's counsel received a fee at the conclusion of the civil proceeding which was calculated in accordance with Rule 1:21–7. To thereafter, at the conclusion of the compensation

case, calculate a counsel fee without regard to the application of the respondent carrier's Section 40 lien rights serves not only to provide a "double" fee to petitioner's counsel on 2/3rds of the gross recovery, but places a counsel fee on moneys which are *not received* by the petitioner. I find this practice not only unfair as to the respondent who has already settled the third party case at a figure which includes the fee of petitioner's counsel, but contrary to the philosophy and purpose of the recent amendments to the Compensation Statute.

In support of their argument petitioner's counsel argues that though it did in fact represent the petitioner in both the workers compensation proceeding and the related third party action, it treated these matters separately and assigned different personnel to them and accordingly its fee in the compensation case should be calculated without regard to the application of a Section 40 lien. I disagree. To begin with, there is a clear and significant overlapping of discovery and trial preparation between the two related proceedings. Both suits/claims are based upon the same injury and the facts surrounding its occurrence; indeed, the only aspect of the permanency portion of the compensation proceeding which will not be considered in the proper preparation of a third party claim would be wages. The argument that these are two separate and unrelated proceedings deserving of maximum fees permitted under the respective governing rules or statutes lacks credibility. Further, why should either the petitioner or the respondent be penalized in the event that petitioner's counsel elects to use different personnel to represent its client in the related proceedings? There is a recognized fee structure in place, established under the applicable rules and statutes. Petitioner's counsel may proceed as they wish in the manner in which they will pursue their clients' claims with the same fee(s) applicable regardless of how they assign their personnel to such matters. I also note at this point that the calculation of a counsel fee in the compensation case without regard to the application of an existing Section 40 lien would appear to be contrary to both the language and the intent of the applicable rule and statute limiting counsel's fee. Consider in this regard that both Rule 1:21–7(c) and *N.J.S.A.* 34:15–40(b) and (c) each provide that counsel's fee shall be calculated on the amount of moneys "received" by the plaintiff/petitioner. To allow a fee on moneys that are not *received* by the petitioner violates the intent and language of the Compensation Statute.

If one takes the reasoning present in *Raves* . . . to its full extent a counsel fee would be calculated on every proposed award, including reopeners, without application of any credit except the bona fide offer exception which is spelled out in Section 64 of the Compensation Statute. The fallacy of such reasoning, when applied to actual practice, is clearly apparent. For example consider reopener cases; no one would argue that petitioner's counsel is due a fee on that portion of a "reopener" award which represents the prior award. Consider further the application of a "credit" representing a pre-existing condition, a collateral disability benefit, a credit for the overpayment of prior benefits, or a credit/offset for social security benefits. The fact remains that the only time a challenge is made to the post-credit method of determining the base on which counsel's fee is to be calculated is where the same attorney has represented the petitioner in both a resolved third party action and a related compensation claim.

For the foregoing reasons I believe that the counsel fee in compensation cases where (i) there is a related third party case which has been resolved, and (ii) the same attorney or firm has handled both actions, should be calculated on the award after application of the Section 40 lien. It is for that reason that I have denied reconsideration of the motion by petitioner's counsel in the instant case.

We are in substantial agreement with the reasons articulated by Judge Hooley for the attorneys' fee award made in this case. However, to the extent he determined that result to be necessarily mandated in all cases in which the same attorneys have represented the petitioner/plaintiff in both the workers' compensation matter and the related civil action, we respectfully disagree.

*N.J.S.A.* 34:15–64 reposes great fee allowance discretion in workers' compensation judges. That discretion is broad enough to permit an attorneys' fee order—within the twenty percent maximum provided—based on a full workers' compensation award before deduction of a lien or a lien-type credit in consideration of damages received in a related civil action, if the circumstances suggest an attorneys' fee determined on that basis to be warranted as a matter of fairness and reasonableness. One example of such a situation would be where some special and distinct attorney work effort was involved in each of the two cases. Another example, correctly alluded to by Judge Hooley would arise where, for good and ample reason, the petitioner/plaintiff was represented by different counsel in the two proceedings. As the statute provides, the determination is governed by the sound discretion of the workers' compensation judge in the circumstances presented. *See Burpee v. Princeton Mun. Improvement Co.,* 88 *N.J.Super.* 552, 556–59, 213 *A.*2d 22 (App.Div.1965); *Caputo v. The Best Foods, Inc.,* 30 *N.J.Super.* 552, 559, 105 *A.*2d 445 (App.Div.1954) *modified,* 17 *N.J.* 259, 269, 111 *A.*2d 261 (1955); *cf. Fletcher v. Ehrlich,* 122 *N.J.Super.* 382, 386, 300 *A.*2d 581 (App.Div.1973). Hard and fast rules with no specific statutory provenance are to be avoided. We discern no misapplication of the statutory discretion in the circumstances of this case.

Affirmed.