VITO DANTE, PETITIONER-RESPONDENT, v. WILLIAM T. GOTELLI, INC., DEFENDANT-APPELLANT.

Argued December 13, 1954—Decided January 17, 1955.

*Mr. Arthur F. Mead* argued the cause for appellant (*Messrs. Cox & Walburg,* attorneys).

*Mr. Maurice Schapira* argued the cause for respondent.

The opinion of the court was delivered by

HEHER, J.   The basic question here has been resolved in *Caputo v. The Best Foods, Inc.,* 17 *N. J.* 259.

█ Where a third-party tort recovery is had by an injured workman entitled to compensation for the ensuing disability under the Workmen's Compensation Act, *R. S.* 34:15–7 *et seq.,* the employer is assessable in virtue of *R. S.* 34:15–40, as amended by *L.* 1951, *c.* 169, for his proportionate share of the attorney's fee, but not in excess of 33 1/3% of the portion of the recovery which inured to him, *i. e.,* his total compensation liability under the act, however much the obligation may remain unfulfilled at the time of the third-party recovery, rather than the compensation payments then actually made to the workman.

But there is a subordinate question involving the application of the statutory principle. The case falls within subdivision (b) of the amendment. The tort recovery exceeds the employer's full liability under the Compensation Act,

established by the judgment of the Compensation Division. The accident occurred December 16, 1950. There was judgment in the Compensation Division on November 15, 1951, awarding the employee compensation for permanent disability of 40% of total, 220 weeks at $25 per week, aggregating $5,500, and for 19 5/7 weeks of temporary disability, or $789.28, then paid, all aggregating $6,289.28. The common-law tort action later brought against George A. Fuller Construction Co. and Anheuser-Busch, Inc. was settled for $13,164, measured, it is said, by the sum total then paid by the employer under the compensation award, $3,164, plus $10,000, paid in two checks at the instance of the employee's attorney, one for $3,164, and the other for $10,000, and from the proceeds of the latter check the employee's attorney received a fee of $3,500. The employee's attorney in this compensation proceeding was also his attorney in the third-party action. Presumably, he had agreed with his client for the payment of a contingent fee of 35% of the third-party recovery. Thereupon, on February 6, 1953, there was entered in this proceeding, by consent, an order satisfying the judgment for compensation and providing that the excess of the recovery above the compensation award be credited on any future award for increased disability.

Controversy then arose as to the measure of the employer's responsibility for attorney's fees, *i. e.*, whether it was confined to the benefit had from the reimbursement of payments actually made or extended also to the whole compensation liability; and the employee presented a petition to the administrative tribunal praying that the consent order satisfying the judgment for compensation be vacated and the award reinstated, to the end that there be a determination of the attorney's fees and expenses of suit due the employee under *R. S.* 34:15–40, and so deductible from the "reimbursement" to the employer. The holding there was, after due hearing, that the employee's attorney is entitled to one-third of $6,289.28, the total amount of the employer's compensation liability, plus $200 for expenses of suit, or $2,296.43, and also one-third of the difference between

$13,164 and $6,289.28, or $2,291.57, or a total sum due the employee's attorney of $4,588, and the attorney, "having already received $3,500, is entitled to an additional $1,088" from the employer, and the employee "is entitled to the difference between $2,291.57 and $1,088, or $1,208.43." The employer was directed to "deduct $200" from the attorney's share "and pay same" to the employee "for the reasons above stated," and the employer was ordered to pay the attorney $1,088 and the sum of $1,208.43" to the employee. The deputy director of the Division was of the view that under the statute, R. S. 34:15–40(b) (e), the "charge for investigation and preparation up to $200 should be" directed to the employer's insurer and not the employee.

The County Court reversed and directed judgment fixing the attorney's fee at "$2,096.43, which is 1/3 of the amount of the compensation award plus statutory costs of $200"; and the Appellate Division affirmed.

The case is here by certification at the instance of the employer.

The essential principle of the County Court judgment, affirmed by the Appellate Division, i. e., the statutory one-third ratio of the whole compensation award plus $200 for costs of suit, serves the statutory policy. But it is contended that the application of the principle here defeats this policy. And it is said that "quite often" the attorney for an employee in a civil action against a third-party tortfeasor insists that he is "entitled to his legal fee from all the third-party funds and also to charge the employer or the insurance carrier a one-third fee for the sum of money to which the employer or carrier is entitled in reimbursement."

Such is a misconception of the statutory rule. The design of the particular statutory provision is not to lay upon the employer the burden of an attorney's fee in favor of the employee's attorney for services in securing the third-party tort recovery in addition to the fee provided by the employee's contractual undertaking with his attorney. Subdivision (e) of R. S. 34:15–40 assesses the employer for his *pro rata* share of the fee payable to the employee's attorney for services

in the third-party proceeding, not exceeding one-third of the recovery, measured by the benefit thereby accruing to the employer; and it goes without saying that the attorney may not also levy a fee upon the employee for the selfsame service.

The statutory principle is essentially one of subrogation. Where there is third-party tort liability, *R. S.* 34:15–40, the injured employee's right of compensation under the act "shall not operate as a bar to the action of the employee or his dependents, nor be regarded as establishing a measure of damage therein"; but credit shall be given the employer for the recovery less the employee's expenses of suit and attorney's fee subject to the limitation of subdivision (*e*). By the latter provision, the fee laid to the employer in this reckoning shall not exceed one-third of the sum paid "in release or in judgment" to the employee or his dependents by the tortfeasor, "but on all sums in excess thereof, this percentage shall not be binding." Here, for example, the employee's attorney may not collect a fee of 35% of $10,000 paid by the tortfeasor in addition to the equivalent of the compensation payments then actually made by the employer to the employee, and also exact from the employer a fee of 33 1/3% of the portion of that recovery which inures to the employer by the statutory principle of subrogation. And the attorney may not add to the fee payable by the employee any charge whatever for services in relation to the part of the tort recovery had to the use and benefit of the employer under the act and as to which he has borne his share of the fee as therein directed. The statute does not provide for the payment in such circumstances of an attorney's fee both by the employer and the employee for the same service. The principle was recognized by Deputy Director Wegner in the Compensation Division. Quite apart from the vice of double satisfaction, that would indeed indirectly diminish the benefits designed by the act for the injured employee or his dependents, and thus subvert its essential principle. Due administration of the statutory policy demands strict enforcement of the correlative rights

and duties of the several parties according to the genius and spirit of the law. And in this regard the judgment of the Appellate Division, affirming the County Court, seems to be deficient and so in error.

The judgment of the Appellate Division is modified in consonance with the foregoing considerations and, as so modified, affirmed; and the cause is remanded for conforming executorial process.

*For modification*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*Opposed*—None.