140 N.J. Super. 154 (1976)
355 A.2d 690
NELSON PAGAN, PETITIONER-APPELLANT,
v.
HILLSIDE METAL PRODUCTS, INC., RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 9, 1975.
Submitted January 13, 1976.
Decided February 24, 1976.
*155 Before Judges KOLOVSKY, BISCHOFF and BOTTER.
Mr. Thomas E. Weinstock argued the cause for appellant (Messrs. Bendit, Weinstock & Sharbaugh, attorneys).
Mr. Edward B. Deutsch argued the cause for respondent (Messrs. McElroy, Connell, Foley & Geiser, attorneys).
Argued December 9, 1975  Supplemental Materials.
*156 The opinion of the court was delivered by BISCHOFF, J.A.D.
This appeal presents another facet of the interrelationship between the rule regulating "contingent fees" (R. 1:21-7) and the statute prescribing the maximum authorized "attorneys fees" in third-party recoveries under the workmen's compensation statute (N.J.S.A. 34:15-40).
Nelson Pagan suffered serious personal injuries in an accident arising out of and in the course of his employment for respondent Hillside Metal Products. He engaged the law firm of Bendit, Weinstock & Sharbaugh on a one-third contingency fee basis, to institute a civil action to recover damages for the injuries sustained against the tortfeasors alleged to be responsible.
Pretrial discovery incident to the action was voluminous and protracted. The trial commenced and continued for 6 1/2 days before the case was settled for $175,000.
Thereafter petitioner's attorneys applied, pursuant to R. 1:21-7(f), for a fee in excess of that permitted under the graduated scale established by R. 1:21-7(c). Following a hearing the assignment judge found that petitioner's attorneys were entitled to a fee in excess of that provided by R. 1:21-7(c). He computed the fee allowable under the rule, increased it, and "rounded it off" to $45,500, finding that "this is 26% of the full amount of the recovery or settlement, which was $175,000." This was formalized by a judgment dated June 19, 1973.
By a workmen's compensation petition dated March 28, 1973 petitioner sought workmen's compensation benefits against his employer Hillside Metal Products for the same injuries. The petition was not moved for trial until after entry of the judgment setting the fee of petitioner's attorneys in the civil action.
The workmen's compensation claim was submitted on a stipulation of facts and resulted in the entry of a judgment determining petitioner to be 100% totally and permanently disabled and awarding for that disability 450 weeks of compensation *157 at $66.67 a week, or a total of $30,001.50. The judge of compensation further found that the lien of the compensation carrier for temporary disability, medical treatment and other expenses, was $33,734.01. By stipulation respondent carrier agreed to pay certain fees and expenses of petitioner's counsel incurred in connection with the civil litigation totalling $4,627.28, leaving the balance of the lien of the compensation carrier to be $29,106.73.
The judgment entered in the Workmen's Compensation Division (1) awarded a "counsel fee" to petitioner under N.J.S.A. 34:15-40 of 26% of the amount of the compensation carrier's lien and (2) directed the compensation carrier to commence paying directly to petitioner (a) 26% of the amount that his weekly compensation benefits would have been had there been no third-party recovery and (b) 26% of all sums paid by petitioner for medical care and treatment. Petitioner appeals from that portion of the judgment which awards payments to him as reimbursement of (1) counsel fees and (2) future medical expenses at the rate of 26%, and contends the amount of reimbursement should have been at the rate of 33-1/3%.
Petitioner argues that (1) R. 1:21-7 expressly "exempts from its coverage a situation where the client is a subrogee"; (2) a third-party action is essentially one of subrogation, Dante v. Gotelli, Inc., 17 N.J. 254, 258 (1955), and (3) accordingly, the 33-1/3% contingency fee arrangement entered into between counsel and petitioner is viable and not controlled by R. 1:21-7.
As a basic premise we note that we are not here called upon to review an award of an attorney's fee. That fee was established in the proceeding before the assignment judge. The fee assessed has been paid and no appeal has been taken from the judgment setting the fee pursuant to R. 1:21-7(c).[1] Nor were the attorneys in the civil action *158 acting for a subrogee. They were, instead, acting for the injured workman. We need not decide what that situation would be if the attorneys were acting for the workmen's compensation carrier in an action instituted directly by it pursuant to N.J.S.A. 34:15-40(f), for that is not the case before us. What we are here concerned with is the appropriate measure of reimbursement to petitioner by the workmen's compensation carrier for his payment of the attorney's fee in the civil action.
The right of the compensation carrier to share in any third-party recovery is prescribed by statute (N.J.S.A. 34:15-40) which imposes certain obligations on the carrier, one of which is to bear its pro rata share of the attorney's fee assumed or paid by the injured workman, not to exceed 33-1/3%. Caputo v. Best Foods, 17 N.J. 259, 267 (1955). Since the recovery in this third-party action exceeds the compensation liability, the applicable statute is N.J.S.A. 34:15-40(b), which provides:
If the sum recovered by the employee or his dependents from the third person or his insurance carrier is equivalent to or greater than the liability of the employer or his insurance carrier under this statute, the employer or his insurance carrier shall be released from such liability and shall be entitled to be reimbursed, as hereinafter provided, for the medical expenses incurred and compensation payments theretofore paid to the injured employee or his dependents less employee's expenses of suit and attorney's fee as hereinafter defined.
Section (e) of that statute provides:
As used in this section, "expenses of suit" shall mean such expenses, but not in excess of $200.00, and "attorney's fee" shall mean such fee, but not in excess of 33 1/3% of that part of the sum paid in release or in judgment to the injured employee or his dependents by such third person or his insurance carrier to which the employer or his insurance carrier shall be entitled in reimbursement under the provisions of this section, but on all sums in excess thereof, this percentage shall not be binding. *159 This statutory provision was stated in the case of Caputo v. Best Foods, supra, to be based upon the principle that
* * * the employer is rendered liable for his pro rata share of the attorney's fee, not to exceed 33 1/3%, chargeable to the recovery had for his own benefit * * * for the just and equitable apportionment as between the employer and the employee of the burden attending the realization of the benefits had by each as well as to insure the essential purpose of fulfillment of the employer's obligation under the Compensation Act. * * *
In that case the attorney's fee in the third-party action was 16% of the amount recovered. The petitioner sought reimbursement from the workmen's compensation carrier in the amount of 33 1/3% of the amount recovered. The court rejected the argument holding:
* * * it is a corollarial consequence of these considerations that the fee ratio shall not exceed that actually borne by the injured workman. Here, it was one-sixth and not one-third of the third-party recovery. Subdivision (e) merely fixes the ceiling above which the workman may not go by contract so as to bind the employer. But where, as here, the fee is at a rate within the prescribed maximum, the employer is assessable accordingly. Such is the spirit and the indubitable reason of the statutory provisions. [17 N.J. at 267-268]
It was there argued that since the injuries sustained by the workman were so serious, the attorney was sympathetically motivated to charge him a minimal fee, but that such consideration should not benefit the carrier. The court rejected the argument and said:
But all this pertains to matters foreign to the statute. Whatever the inducement, the fee charged and paid measures the employer's liability for the correlative benefit accruing to him, provided the ratio does not exceed 33 1/3%; this is plainly the sense and reason of the legislative expression. [Id. at 268]
It is thus clear that the statutory scheme requires a pro rata sharing of the fee by the carrier and a pro rata reimbursement of the injured workman for the attorney's fee paid.
*160 It follows that where the fee paid by the injured workman is 26% of the amount recovered  whatever the reason or inducement for the fee  a pro rata sharing by the carrier of either (1) the amount paid in satisfaction of its lien or (2) the extent to which it has been released from future obligations, is likewise 26%. To measure the carrier's pro rata share at a greater percentage would not proportionately reimburse the workman but would constitute double recovery to the extent he receives in excess of 26%. This would be a clear violation of the statutory scheme. Dante v. Gotelli, and Caputo v. Best Foods, supra.
Petitioner's alternative argument, that even if we hold the appropriate fee to be 26%, we should direct the compensation carrier to pay at the rate of 33 1/3% in order to hasten liquidation of the total obligation of the compensation carrier to reimburse the petitioner for the attorney's fee, we hold to be without merit.
The obligation of the carrier to pay to petitioner a pro rata share of the attorney's fee only arises when a weekly payment otherwise due need not be paid due to the third-party recovery. There is no statutory basis for compelling the carrier to make payments to petitioner which it might not be required to make should the petitioner suffer an untimely demise and leave no dependents surviving. N.J.S.A. 34:15-12(e).
Affirmed.
NOTES
[1] The case of McMullen v. Maryland Cas. Co., 127 N.J. Super. 231 (App. Div. 1974), aff'd 67 N.J. 416 (1975), is clearly distinguishable, for in that case there was no award of a fee in excess of the graduated scale established in paragraph (c) of R. 1:21-7.