ROBERT OWENS, PETITIONER-RESPONDENT, v.
C & R WASTE MATERIAL, RESPONDENT-APPELLANT.

RITA MAE LEE, PETITIONER-RESPONDENT, v. SCOZ-
ZARI CONSTRUCTION, INC., RESPONDENT-APPELLANT.

Argued April 10, 1978—Decided June 15, 1978.

Mr. *George J. Kenny* argued the cause for appellants (*Messrs. McElroy, Connell, Foley & Geiser,* attorneys).

Ms. *Ruth Rabstein* argued the cause for respondents (*Messrs. Pellettieri and Rabstein,* attorneys).

The opinion of the court was delivered by

SULLIVAN, J. These worker's compensation cases, consolidated on appeal, involve basically the single issue of how the employer's (or carrier's) obligation under *N. J. S. A.* 34:15–40, for its pro rata share of the attorney's fee in a third-party tort recovery is satisfied.

*N. J. S. A.* 34:15–40, a section of the Worker's Compensation Act, deals with the situation where there is a third-party tort recovery for the same injury or death for which there is compensation liability. Paragraph (b) of Section 40 provides that where the third-party recovery is greater than the employer's liability for compensation, the employer shall be released from such liability and shall be entitled to be reimbursed for the medical expenses incurred and compensation theretofore paid, less the employee's expenses of suit and "attorney's fee" which is defined as

* * * "[A]ttorney's fee" shall mean such fee, but not in excess of 33–1/3% of that part of the sum paid in release or in judgment to the injured employee or his dependents by such third person or his insurance carrier to which the employer or his insurance carrier shall be entitled in reimbursement under the provisions of this section, but on all sums in excess thereof, this percentage shall not be binding.

In the *Owens* case, petitioner was found to have suffered a work-connected disability total and permanent in nature. The employer's compensation liability for the first 450 weeks, including temporary benefits and medical expenses, was found

to be $64,647.23. The third-party recovery was $71,000 with the counsel fee thereon calculated in accordance with the then provisions of *R.* 1:21–7(e). The Division Judge, on a motion pursuant to *N. J. S. A.* 34:15–40(b) and (e), ordered that the employer be released from such compensation liability upon payment to petitioner of a pro rata share of the counsel fee in the third-party recovery calculated to be $19,596.12, computed on the basis of 33-1/3% of the first $50,000 of released compensation exposure, and 20% of the balance of such released exposure. The employer was also ordered to reimburse the petitioner $200 for expenses.

In the *Lee* case, a worker's death dependency claim, the employer's compensation liability for the first 450 weeks was found to be $58,843.63. The third-party recovery was $95,000. The Division Judge, in releasing the employer from such compensation liability, ordered that respondent, pursuant to *N. J. S. A.* 34:15–40(b) and (e), pay petitioner a pro rata share of the counsel fee in the third-party recovery calculated to be $18,435.40, computed on the basis of 33-1/3% of $50,000, and 20% of the remaining $8,843.63 of released compensation exposure. The employer was also ordered to pay a funeral allowance of $750, and $200 in costs.

In each case the employer was ordered to pay the amount so calculated immediately. The employers appealed, claiming, *inter alia,* that such amount should be paid over the 450-week period,[1] and that if the erstwhile obligation to make compensation payments were to terminate for some statutory reason, its obligation to continue payments of the attorney's fee would cease. The Appellate Division, in an unreported opinion, affirmed the orders of the Division. Certification was granted by this Court in both cases. 75 *N. J.* 535 (1977). We affirm.

---

[1] In neither of the appeals has the employer challenged the Division Judge's method of computation of the employer's pro rata share of attorney's fee including the amount so computed.

In *Teller v. Major Sales, Inc.,* 64 *N. J.* 143 (1974), in interpreting *N. J. S. A.* 34:15–40, we held that employer should pay a pro rata share of the attorney's fee in the third-party tort recovery, measured by the amount of its compensation liability from which it has been released. In so holding, we cited Justice Heher's opinion in *Dante v. Gotelli,* 17 *N. J.* 254, 255 (1955) which states:

> Where a third-party tort recovery is had by an injured workman entitled to compensation for the ensuing disability under Workmen's Compensation Act. *R. S.* 34:15–7 *et seq.,* the employer is assessable in virtue of *R. S.* 34:15–40, as amended by *L.* 1951, *c.* 169, for his proportionate share of the attorney's fee, but not in excess of 33–1/3% of the portion of the recovery which inured to him, *i. e.,* his total compensation liability under the act, however much the obligation may remain unfulfilled at the time of the third-party recovery, rather than the compensation payments then actually made to the workman.

Neither *Teller* nor *Dante* dealt precisely with the question of manner of payment. However, each decision stands squarely for the proposition that computation of the employer's pro rata share of the attorney's fee in the third-party recovery is to be measured by the amount of compensation liability from which the employer has been released, whether actually paid or not.

It is the employer's contention that its obligation to pay a pro rata share of the attorney's fee in the third-party recovery exists only to the extent that it is released from liability for each weekly compensation payment otherwise due but not payable because of the third-party recovery. In both cases it would pay its pro rata share of the attorney's fee over the 450 week period and limit its obligation to weekly payments. If the erstwhile obligation to make compensation payments were to terminate for some statutory reason,[2] the

---

[2] An example would be the death of the worker, without leaving dependents, before the compensation award, otherwise payable, would have been fully satisfied. *N. J. S. A.* 34:15–12(e).

employer contends that its obligation to continue such payments would terminate.

There are two Appellate Division decisions which support the employers' position. In *Pagan v. Hillside Metal Products, Inc.,* 140 *N. J. Super.* 154 (1976) and *Burpee v. Princeton Mun. Imp. Co.,* 88 *N. J. Super.* 552 (1965), it was held that the employer of an injured worker benefits from a third-party tort recovery only to the extent that it is released from liability to make compensation payments as they come due and that it is obliged to pay its proportionate share of the attorney's fee only on the benefit it receives, and as it receives it. *Burpee, supra,* 88 *N. J. Super.* at 559.

We disagree and conclude that the legislative intent as expressed in *N. J. S. A.* 34:15–40 is that the computation of the employer's pro rata share of the attorney's fee in the third-party recovery should be based on the potential compensation liability from which it has been released and does not depend on the happenstance of whether such liability were to terminate prematurely.

The third-party recovery results in a contemporaneous extinguishment of a liability of the employer. That constitutes a present benefit redounding to the employer, in no way rendered less immediate or tangible because the extent of the eliminated liability was contingent in some respects. Since the obtaining by the employer of this tangible benefit coincides with the third-party recovery, it follows that the obligation to share legal expenses attributable to that recovery should be satisfied at the same time those expenses are borne by the employee.

Moreover, the attorney's fee in the third-party recovery ordinarily having been paid by or charged to the worker or dependents in a lump sum, we cannot conceive that the Legislature, in requiring the employer to pay its pro rata share of such fee in exchange for its release from compensation liability, intended, as the employer here contends, that the payment of such share be made in small amounts over a period

of 450 weeks. It follows that the employer's obligation to pay its pro rata share should be fulfilled immediately.

The employer's payment of its share of the attorney's fee is not compensation. See *McDermott v. Standard Accident Ins. Co.*, 40 *N. J. Super.* 119, 129 (App. Div. 1956). Rather, as noted by the Appellate Division herein, "it is the employer's (or carrier's) contribution toward the legal expenses incurred in the third-party action *from which it benefited.*"

The employer also argues that if its pro rata share of the attorney's fee is to be paid immediately, its erstwhile compensation liability for the first 450 weeks, payment of which would be spread out over the period, should be discounted to reflect present value, and its pro rata share of attorney's fee computed on the discounted value. It refers to *N. J. S. A.* 34:15–25 which provides for commutation of the compensation award with the approval of the Division, and payment thereof in a lump sum by discounting the award at 5% simple interest.

We also find this contention to lack merit. *N. J. S. A.* 34:15–40 requires the employer to pay its proportionate share of the attorney's fee in the third-party recovery measured by the "total compensation liability under the act" from which it has been released, "however much the obligation may remain unfulfilled." *Dante, supra,* 17 *N. J.* at 255. The statute makes no provision for the commutation or discounting of such compensation liability in determining the employer's pro rata share of attorney's fee.

The judgment of the Appellate Division in each case is affirmed.

SCHREIBER, J., dissenting. An employee is not entitled to receive more from his employer or its insurance carrier (hereafter collectively referred to as "employer") than his compensation award under the Worker's Compensation Act, *N. J. S. A.* 34:15–1 *et seq.* Yet the majority attains this result by distorting the legislative scheme under which the em-

ployer is responsible for its share of attorney's fees with respect to the employee's recovery against a third-party tortfeasor.

To comprehend the legislative duty imposed on the employer to pay the employee a pro rata share of the attorney's fees charged for the recovery against a third-party tortfeasor, it is necessary to understand some basic principles of the Worker's Compensation Act. Under the Act, compensation, whether temporary or permanent, is to be paid to the employee on a *weekly* basis, *N. J. S. A.* 34:15-12, after an initial waiting period of seven days following the accident. *N. J. S. A.* 34:15-14. The employer is not required to pay the entire award in one lump sum. Its obligation is to pay a sum certain each week for a definite number of weeks. Correspondingly, the employee is entitled to a sum certain per week over the course of a specific number of weeks. If an employee dies before all the weekly payments have been made and he is not survived by any dependents as defined in *N. J. S. A.* 34:15-13, then the employer is obligated to pay future weekly payments only in an amount not to exceed $750 (which sum is to be used for funeral expenses), *N. J. S. A.* 34:15-12(e). For example, an employee might obtain a compensation award for permanent disability of $145 per week for 450 weeks and die as a result of a noncompensable cause after 10 weeks of payments had been due and paid. The employer's responsibility would then be limited to $750 and it would not be obligated to pay $145 per week for the remaining 440 weeks.

Reference to the liability of a third party for the employee's injury did not appear in the original act, *L.* 1911, *c.* 95, and whether the employee could obtain a double recovery (the compensation award plus monetary damages from the third person) was unclear. *Feinsod v. L. & F. Constr. Co.,* 17 *N. J. Misc.* 65 (C.P. 1939). An amendment in 1913, *L.* 1913, *c.* 174, § 8, approved an employee's action against a third party provided that the employer be released from any

compensation obligation if the worker's recovery were equal to or in excess of the total compensation payments due. If recovery were less than that total, then the employer would be liable only for the difference between the total compensation award and the third-party recovery. The amendment also provided that if notice of the employer's lien claim had been given to the third party, then upon settlement or judgment the third party would pay the employer "a sum equivalent to the amount of compensation payments which the employer ha[d] theretofore paid to the injured employee or his dependents * * *." *Id.* The employee was given no credit for the attorney's fee which he had paid to obtain the recovery. *Deuchar v. Standard Accident Ins. Co.,* 117 *N. J. L.* 375 (E. & A. 1937).

In 1936 the Legislature addressed itself to the inequity of having the employee assume the entire cost of the recovery against the tortfeasor and amended the Act so that the third-party recovery was deemed to be the net after deduction of the employee's expenses and attorney's fees. *L.* 1936, *c.* 162, § 1. Under this provision, however, the employer would not necessarily pay its proportionate share of the attorney's fees with respect to that part of the recovery to which it was entitled to reimbursement. *Savitt v. L. & F. Constr. Co.,* 123 *N. J. L.* 149 (Sup. Ct. 1939); *McClare v. Tasty Baking Co.,* 127 *N. J. L.* 492 (Sup. Ct. 1941), aff'd 129 *N. J. L.* 98 (E. & A. 1942); *Fireman's Fund Indemn. Co. v. Batts,* 11 *N. J. Super.* 242 (App. Div. 1951). To remedy that situation the law was amended in 1951, *L.* 1951, *c.* 169.

The new statutory formula, which remains in effect, provides that if the third-party recovery is greater than or equal to the compensation award, the employer is released from having to pay the award but is required to pay the employee a fair share of the employee's attorney's fees, not to exceed 33-1/3% of the compensation award. If the third-party recovery is less than the compensation award, the employer is required to pay the difference plus the fair share of the at-

torney's fees, not to exceed 33-1/3% of the third-party recovery. *N. J. S. A.* 34:15–40(b), (c), and (e). The attorney's fee is calculated on that part of the sum paid by the tortfeasor "to which the employer * * * shall be entitled [in] *reimbursement." N. J. S. A.* 34:15–40(e) (emphasis supplied). Reimbursement means repayment. The Legislature unquestionably contemplated that the employer had made the compensation payment and the employer was to pay an attorney's fee for the actual recovery. This has been the established administrative practice of the Division. The attorney was not to be paid a fee for relieving the employer from a *possible* future liability.

The purpose of the 1951 amendment was to make an equitable apportionment "as between the employer and the employee of the burden attending the *realization* of the benefits had by each as well as to insure the essential purpose of fulfillment of the employer's obligation under the Compensation Act." *Caputo v. The Best Foods, Inc.,* 17 *N. J.* 259, 267 (1955) (emphasis supplied). As Justice Heher wrote in *Dante v. Gotelli,* 17 *N. J.* 254, 258 (1955), the employer was to be assessed its pro rata share of the attorney's fee "measured by the benefit thereby accruing to the employer." *Cf.* 2A *Larson, The Law of Workmen's Compensation,* § 74.16 at 14–186 (1976) (commenting that a salutary objective of a third-party recovery statute is "the employer and carrier 'coming out even' by being reimbursed for their compensation expenditure").

The Appellate Division has honored this purpose of interpreting the reimbursement section of the Act so that employers are assessed for attorney's fees on the basis of worker's compensation payments as they become due. *Pagan v. Hillside Metal Products, Inc.,* 140 *N. J. Super.* 154 (App. Div. 1976); *Burpee v. Princeton Mun. Imp. Co.,* 88 *N. J. Super.* 552 (App. Div 1965). In *Burpee* Judge E. Gaulkin wrote:

The employer's obligation is to pay compensation at the rate of $26 per week. It is not required to commute or accelerate payments. Under certain circumstances, such as if Burpee should die without dependents within the 450 weeks, the employer's obligation to pay compensation may cease. In short, the employer benefits from the third-party recovery only at the rate of $26 per week. It follows that it is obliged to pay its *pro rata* share of the fee only on what it receives, and only as it receives it. [*Id.* at 559]

In *Pagan* Judge Bischoff reasoned:

The obligation of the carrier to pay to petitioner a *pro rata* share of the attorney's fee only arises when a weekly payment otherwise due need not be paid due to the third-party recovery. There is no statutory basis for compelling the carrier to make payments to petitioner which it might not be required to make should the petitioner suffer an untimely demise and leave no dependents surviving. *N. J. S. A.* 34:15–12(e). [140 *N. J. Super.* at 160]

To hold that an employer must pay an attorney's fee for recovery of monies which it has not as yet paid and may never be obliged to pay causes incongruous results. Assume a third-party recovery of $100,000 and a legal fee of $25,000. The employee has received $75,000 and his attorney has been paid. The employee has obtained a compensation award of 450 weeks at $145 per week, or $65,250, of which $5,250 had been paid when the third-party recovery was obtained. The majority would have the employer pay the employee an additional $15,000 — the attorney's fee which might be due when, as and if the employer might pay the $60,000 balance. But if the employee dies of natural causes leaving no dependents as defined in the statute, the employer would be compelled to pay $15,000 toward an attorney's fee for services rendered only to the employee. The employee's estate would be unduly enriched by $15,000 under these circumstances.

Since the attorney's fee is keyed to the employer's reimbursement, the employer should not be forced to pay that fee until he makes the weekly payments or they are due. Obviously the receipt of the entire gross amount of the

attorney's fee before the weekly amounts have become due results in the receipt of a sum greater in value than that which would have been received if the entire attorney's fee had been spread evenly and proportionately over the life of the weekly payments. Requiring the employer to pay an attorney's fee for reimbursement of compensation payments which have not been due and paid and possibly compelling the employer to pay more than the compensation award are contrary to the statutory language, intent and scheme. It is not a proper judicial function to add, under the guise of interpreting the Worker's Compensation Act, another unwarranted imposition on the consuming public.

I would reverse.

Justice CLIFFORD joins in this opinion.

*For affirmance*—Justices SULLIVAN, PASHMAN and HANDLER and Judge CONFORD—4.

*For reversal*—Justices CLIFFORD and SCHREIBER—2.