597 A.2d 85

EDWARD FIORE, PETITIONER–APPELLANT,
v. TRIDENT CONSTRUCTION COMPANY,
RESPONDENT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued September 24, 1991—Decided October 8, 1991.

Before Judges PRESSLER, SKILLMAN and D'ANNUNZIO.

Thomas R. Smith argued the cause for appellant (Pellettieri, Rabstein and Altman, attorneys).

Sandra E. Blutman argued the cause for respondent (Richard A. DeMichele, attorney).

The opinion of the court was delivered by

PRESSLER, P.J.A.D.

When an employer is relieved of its obligation to pay workers' compensation benefits by reason of the injured employee's recovery of damages from a responsible third-party, *N.J.S.A.* 34:15–40(b) requires the employer to contribute to the expenses of suit and attorneys' fees incurred by the employee in obtaining that recovery. The question raised by this appeal is whether the employer's contribution constitutes compensation payments against which it is entitled, under *N.J.S.A.* 34:15–95.5, to offset the employee's federal social security disability benefits. We hold that it does not. Consequently we reverse the judgment of the Division of Workers' Compensation which was based on that offset.

Petitioner Edward Fiore was totally disabled in May 1986 when he fell to the ground from a third-floor deck on a construction site on which he was employed as a carpenter by respondent Trident Construction Company. He instituted a negligence action against an allegedly responsible third-party from whom he recovered damages of approximately $896,000 subject to a counsel fee of 25.26%. By the time of the 1990 trial of his workers' compensation petition, respondent had stipulated to his 100% permanent disability and had paid him temporary disability payments in the total amount of $31,920.00 and permanent disability payments in the total amount of $6,216.80. There is no dispute as to the respondent's right to be reimbursed for these sums as well as for its medical payments out of the proceeds of petitioner's third-party recovery and to be relieved of any further compensation payment obligation. Nor is there any dispute as to respondent's obligation to pay a pro rata portion of petitioner's third-party action

counsel fees. This is expressly provided for by *N.J.S.A.* 34:15–40(b), which stipulates that

> If the sum recovered by the employee or his dependents from the third person or his insurance carrier is equivalent to or greater than the liability of the employer or his insurance carrier under this statute, the employer or his insurance carrier shall be released from such liability and shall be entitled to be reimbursed, as hereinafter provided, for the medical expenses incurred and compensation payments theretofore paid to the injured employee or his dependents less employee's expenses of suit and attorney's fee as hereinafter defined.

The primary dispute between the parties arises out of the set-off provision of *N.J.S.A.* 34:15–95.5, which states, in relevant part, that the compensation benefits received by an employee under *N.J.S.A.* 34:15–12(b) or 34:15–95 [1] "shall be reduced by an amount equal to the disability benefits payable under the Federal Old–Age, Survivors' and Disability Insurance Act [42 *U.S.C.A.* § 401 *et seq.*] ..." This provision complements the set-off provision of the Social Security Act which requires federal disability payments to be offset by state workers' compensation benefits unless, under state law, the state compensation benefits are required to be offset by federal disability payments. 42 *U.S.C.A.* § 424a(a)(2)(B). *See, generally, Ries v. Harry Kane, Inc.*, 195 *N.J.Super.* 185, 478 *A.*2d 1195 (App.Div. 1983).

Clearly then, the critical legal issue is whether, for purposes of both the federal and the state disability offset provisions, the employer's payment of a pro rata portion of the employee's third-party counsel fees constitutes a compensation benefit. The judge concluded that it does and also concluded that the amount of the employer's contribution is subject to periodic rather than lump sum payment. Accordingly, he ordered the employer's counsel fee payment to be made at the rate of $14.37 weekly until petitioner reaches the age of 62 and thereafter at the rate of $70.73 until "the third-party recovery credit is used up." The judge calculated this weekly amount by

---

[1] *N.J.S.A.* 34:15–12(b) prescribes the schedule of payments of total disability. *N.J.S.A.* 34:15–95 establishes the so-called second-injury fund, not here relevant.

subtracting petitioner's weekly disability payment of $288.70 from his average cumulative earnings of $345.60 and multiplying the resultant $56.90 by 25.26%, the percentage of attorneys' fees on the third-party recovery.

Petitioner appeals, claiming first that he is entitled to a lump sum payment of respondent's pro rata share of counsel fees and second, that the lump sum payment is not subject to the social security disability payment set-off. Respondent concedes, and correctly so, that a lump sum payment should have been ordered. It contends, however, that the judge was correct in concluding that the social security payment offset was required. It therefore urges us to adopt the judge's calculation of a weekly obligation of $14.37 but to direct the lump sum payment of that amount multiplied by the 450 weeks of compensation benefits to which petitioner would have been entitled under *N.J.S.A.* 34:15–12(b), resulting in a total counsel fee obligation of $6,466.50 plus the maximum allowable expenses of suit of $200.00 authorized by *N.J.S.A.* 34:15–40(e) but inadvertently omitted by the judge from the award.

We conclude that petitioner is entitled to a lump sum award representing the employer's counsel fee contribution without the social-security set-off because we are convinced that that contribution does not constitute compensation payments within the intendment of either state or the federal legislation. We are satisfied that the issue is conclusively settled by reasoning of the Supreme Court in *Owens v. C & R Waste Material,* 76 *N.J.* 584, 388 *A.*2d 977 (1978). In concluding that the method of payment by the employer of its fee-contribution obligation is required to be lump sum rather than "in small amounts over a period of 450 weeks," *id.* at 588–9, 388 *A.*2d 977, Justice Sullivan reviewed the equitable principles upon which the statutory payment obligation is based. As he explained, "[t]he third-party recovery results in a contemporaneous extinguishment of a liability of the employer. That constitutes a present benefit redounding to the employer...." *Id.* at 588, 388 *A.*2d 977.

But for the statutory reimbursement provision, the employer would receive that benefit without any cost to it and entirely at the expense of the employee, who would otherwise be exclusively responsible to pay all legal costs included in obtaining the third-party recovery.  As a matter of fundamental fairness then, the statute imposes the contribution obligation on the employer as a *quid pro quo* for its release from the obligation to pay compensation benefits.  Thus, as Justice, then Judge, Francis held in *McDermott v. Standard Accident Ins. Co.*, 40 *N.J.Super.* 119, 129, 122 *A.*2d 371 (App.Div.1956), the attorney's fee contribution may be an incident of the workers' compensation act, but it is not a monetary benefit provided by the act to compensate an employee for his injury.  *Owens* adopted this analysis, relying on *McDermott* for its unequivocal statement that "[t]he employer's payment of its share of the attorney's fee is not compensation. . . .  Rather . . . 'it is the employer's (or carrier's) contribution toward the legal expenses incurred in the third-party action *from which it benefited.'* "  (Emphasis the Court's).  76 *N.J.* at 589, 388 *A.*2d 977.

We see nothing in the state or federal social security disability set-off scheme that would make the *Owens* rationale inapplicable here.  The federal set-off is required in respect of "benefits on account of such individual's total or partial disability . . . under . . . a [state] workmen's compensation law . . ." 42 *U.S.C.A.* § 424a(a)(2)(A).  Since the employer's counsel-fee payment does not constitute a benefit on account of disability under New Jersey workers' compensation law, no set-off is required under that section.  Nor is the counsel-fee payment a "compensation benefit" pursuant to *N.J.S.A.* 34:15–95.5.

In arguing to the contrary, respondent contends that the counsel-fee payment is a lump sum payment constituting, within the intendment of 42 *U.S.C.A.* § 424a(b) "a commutation of, or a substitute for, periodic payments."  But the periodic payments encompassed by the set-off provision of subsection (b) are those described in subsection (a)(2) above quoted.  And, as we have made clear, the counsel-fee payment is not a commuta-

tion of or substitute for scheduled periodic total or partial disability compensation payments. It is rather the consideration which the employer pays for being released of the obligation to make those compensation payments or any other payment in lieu thereof. *Black v. Schweiker*, 670 *F.*2d 108 (9th Cir.1981), cited by respondent, is inapposite. That case involved the proceeds of a lump sum settlement between employer and employee in lieu of periodic compensation where compensability of the injury was in question. That payment clearly met the "commutation of or substitution for" test. The payment here involved, just as patently, does not.

That portion of the judgment appealed from which adjudicates respondent's obligation for reimbursement of costs of suit and counsel fees is reversed. We remand for entry of a modified judgment providing for respondent's lump sum payment of its full pro rata share of counsel fees plus $200 as costs of suit.