18 A.3d 220 (2011)
420 N.J. Super. 1
James BARACIA, Petitioner-Appellant,
v.
BOARD OF TRUSTEES OF the STATE POLICE RETIREMENT SYSTEM, Respondent-Respondent.
No. A-3611-09T2.
Superior Court of New Jersey, Appellate Division.
Argued March 23, 2011.
Decided May 13, 2011.
*221 Jonathan S. Fabricant, Lakewood, argued the cause for appellant (Bathgate, Wegener & Wolf, P.C., attorneys; Mr. Fabricant and Rui O. Santos, on the briefs).
Kellie L. Pushko, Deputy Attorney General, argued the cause for respondent (Paula T. Dow, Attorney General, attorney; Lewis A. Scheindlin, Assistant Attorney General, of counsel; Don E. Catinello, Deputy Attorney General, on the brief).
Before Judges FUENTES, ASHRAFI and NEWMAN.
The opinion of the court was delivered by
NEWMAN, J.A.D. (retired and temporarily assigned on recall).
Petitioner James Baracia appeals from the final decision of the respondent Board of Trustees of the State Police Retirement System (the Board) issued on March 23, 2010. That decision held that N.J.S.A. 53:5A-38.1(b) required a dollar-for-dollar offset from petitioner's accidental disability retirement allowance of the amount of $27,482.70, the net award petitioner received by order of the Workers Compensation Court dated June 9, 2009.
Petitioner contends that the net award does not qualify as a payment of compensation *222 on account of petitioner's disabilities or injuries, but constitutes the employer's pro rata share of the attorney's fees it owed petitioner under N.J.S.A. 34:15-40(b). We agree with petitioner's position and reverse, requiring that the Board reimburse any monies previously deducted from petitioner's disability retirement allowance.
The facts are not in dispute. Petitioner was a New Jersey State trooper, who was seriously injured while on duty in an automobile accident. He was awarded workers' compensation benefits. He brought a third-party action, which resulted in a settlement of $355,000, less reimbursements for filing fees and other costs in the amount of $2,037.49, for a balance of $352,962.51. The attorney's fees totaled one-third of that amount in the sum of $117,654.05. The workers' compensation lien was in the amount of $68,844.08, which was satisfied from these proceeds, leaving an amount due petitioner of $166,464.38. Because of the third-party award, the employer obtained a reimbursement of its statutory workers' compensation lien and was relieved of its future workers' compensation liability.
Under N.J.S.A. 34:15-40(b), the employer was required to pay a pro rata share of petitioner's attorney's fees incurred in the prosecution of the third-party action. Here, the workers' compensation judge found the employer's pro rata share of attorney's fees was $27,482.70 and awarded petitioner that amount. In so concluding, the court stated that amount "does not constitute a payment of compensation, but in fact, a credit toward the payment of Petitioner's counsel fees."[1]
In reducing petitioner's retirement allowance by $27,482.70, the Board relied upon the provisions of N.J.S.A. 53:5A-38.1(b). As a consequence, petitioner's monthly retirement allowance was $1,997.65 less than his monthly disability retirement payment of $5,320.10. This amount was to be deducted for 13.75 months until the sum of $27,482.780 was fully paid.
On appeal, petitioner argues that the employer was required to pay its pro rata share of counsel fees incurred by the employee pursuant to N.J.S.A. 34:15-40(b) in a third-party tort action that resulted in a recovery in reimbursement of the workers' compensation lien and future benefits to the employer. Petitioner further maintains that N.J.S.A. 53:5A-38.1(b) does not permit a reduction in petitioner's accidental disability retirement allowance because the award to petitioner was not compensation or periodic benefits, but a credit for the employer's portion of the attorney's fee in the third-party recovery action. We agree with petitioner's contention.
N.J.S.A. 34:15-40(b) provides:
If the sum recovered by the employee or his dependents from the third person or his insurance carrier is equivalent to or greater than the liability of the employer or his insurance carrier under this statute, the employer or his insurance carrier shall be released from such liability and shall be entitled to be reimbursed, as hereinafter provided, for the medical expenses incurred and compensation payments theretofore paid to the injured employee or his dependents less employee's expenses of suit and attorney's fee as hereinafter defined.
N.J.S.A. 34:15-40(e) defines "expenses of suit" as an amount not to exceed $750 and "attorney's fees" as

*223 [such] fee . . . not in excess of 33 1/3% of that part of the sum paid in release or in judgment to the injured employee or his dependents by such third person or his insurance carrier to which the employer or his insurance carrier shall be entitled in reimbursement under the provisions of this section, but on all sums in excess thereof, this percentage shall not be binding.
In McDermott v. Standard Accident Insurance Co., 40 N.J.Super. 119, 122 A.2d 371 (App.Div.1956), we addressed the employer's carrier's obligation to pay the pro rata share of counsel fees incurred by plaintiff in the prosecution of the third-party civil action. Id. at 121, 122 A.2d 371. There, in holding in favor of the plaintiff-employee, we clarified how to consider the employer's contribution:
Reducing the problem to its essentials, certain basic facts stand out in bold relief. The plaintiff was paid workmen's compensation by defendant. Later, he recovered in the third-party action a sum greater than the compensation and so became obligated by statute to reimburse defendant [therefore]. However, since he utilized the services of an attorney in achieving the settlement and as a consequence paid a fee of 33 1/3% [thereof], the reimbursement of defendant was subject to diminution by 33 1/3% representing the portion of the attorney's fee allocable to the amount of the compensation which by operation of law was required to be considered as within the common-law recovery. Since the deduction was not made prima facie plaintiff's action against defendant is maintainable.
[Id. at 124-25, 122 A.2d 371.]
Thus, the employer was statutorily obligated to pay a share of the employee's counsel fees because the legal services provided by the employee inured to the benefit of the employer by way of the latter's recovery of workers' compensation benefits paid or to be paid to the employee. As our Supreme Court found in Owens v. C. & R. Waste Material, 76 N.J. 584, 388 A.2d 977 (1978), computation of the employer's pro rata share of counsel fees is measured by the amount of worker's compensation liability the employer has been released of, "whether actually paid or not." Id. at 587, 388 A.2d 977.
The Board maintains that it was entitled to offset the payment of the $27,482.72 under the authority of N.J.S.A. 53:5A-38.1(b), which provides in pertinent part as follows:
An application for retirement benefits may be approved by the board of trustees while the member, applying for such benefits, is in receipt of periodic benefits under the Workers' Compensation Law. If a retirant receiving an accidental disability retirement allowance becomes a recipient of periodic benefits under the workers' compensation law after the date of retirement, the pension portion of the retirement allowance to the retirant shall be reduced, during the period of the payment of the periodic benefits, dollar-for-dollar in the amount of the periodic benefits received after the date of retirement, subject to the provisions of section 31 of P.L.1971, c. 181 (C.53:5A-15.3). The reduction provided for herein shall not affect the retirant's pension adjustment benefits or survivor benefits that may be payable upon the death of the retirant.
The Board argues that it was entitled to reduce the payment of these periodic benefits since petitioner was a retirant of an accidental disability retirement allowance.
The Board is mistaken. The balance of $30,199.70, which as previously explained was reduced to $27,482.70, was not a periodic benefit as contemplated under *224 N.J.S.A. 53:5A-38.1(b). In fact, the order entered by the workers' compensation judge approving the settlement noted that "[t]he balance due of $30,199.70 does not constitute a payment of compensation, but in fact, a credit toward the payment of petitioner's counsel fees." That part of the workers' compensation judge's order is totally in keeping with the provisions of N.J.S.A. 34:15-40(b) which requires the employer to pay its portion toward the attorney's fees incurred by petitioner in the third-party recovery action.
An analogous situation was presented in Fiore v. Trident Construction Co., 251 N.J.Super. 101, 597 A.2d 85 (App.Div. 1991). There, this court examined a similar issue involving the workers' compensation statute and federal social security disability benefits. Id. at 102, 597 A.2d 85. Speaking for this court, Judge Pressler framed the issue as follows:
When an employer is relieved of its obligation to pay workers' compensation benefits by reason of the injured employee's recovery of damages from a responsible third-party, N.J.S.A. 34:15-40(b) requires the employer to contribute to the expenses of suit and attorney's fees incurred by the employee in obtaining that recovery. The question raised by this appeal is whether the employer's contribution constitutes compensation payment against which it is entitled under, N.J.S.A. 34:15-95.5, to offset the employee's federal social security disability benefits. We hold that it does not.
[Ibid.]
As this court made clear in Fiore, "the attorney's fee contribution may be an incident of the [W]orkers' [C]ompensation [A]ct, but is not a monetary benefit provided by the Act to compensate an employee for his injury." Id. at 105, 597 A.2d 85. We held that neither the federal nor the State offsetting statutory scheme entitled the employer to reduce the attorney's fee payment by the amount of the social security disability benefit "[s]ince the employer's counsel-fee payment does not constitute a benefit on account of disability under New Jersey's workers' compensation law . . . [n]or is the counsel-fee payment `compensation benefit' pursuant to N.J.S.A. 34:15-95.5." Ibid.
So too here. We are persuaded that the Board cannot offset petitioner's accidental disability retirement allowance under N.J.S.A. 53:5A-38.1(b) by the amount of the attorney's fee payment credit to petitioner because that payment does not constitute a compensation benefit under our workers' compensation law. The fact that petitioner may have received the attorney's fee payment from his employer in the form of a credit does not change the legal status and convert that payment into a periodic benefit subject to triggering the application of N.J.S.A. 53:5A-38.1(b).
We, therefore, reverse the Board's decision and reinstate the full payment of the accidental disability retirement allowance originally granted to petitioner and require the Board to reimburse petitioner for any monies previously deducted from that allowance.
Reversed and remanded to the Board for further action consistent with this opinion.
NOTES
[1] Initially, the contribution toward the attorney's fee was $30,199.70, which was reduced to $27,482.70, reflecting a payment of $200 to Dr. Reiss, $102 transcript costs, and $2,415 of attorney's fees.